In re Incorporation of Village of Chenequa : Vilter and others, Respondents, vs. Leenhouts, Assessor of Incomes, Appellant.

*December 6, 1928—January 8, 1929.*

For the appellant the cause was submitted on the brief of the *Attorney General, Franklin E. Bump,* assistant attorney general, *Eugene Wengert,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* corporation counsel.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

OWEN, J. This is a novel proceeding. That is all that can be said by way of encomium. It is without authority in precedent. It finds no support in reason. Considerations of expediency or exigency cannot be urged in its behalf.

By its order to show cause the circuit court for Waukesha county seeks to draw into the proceedings for the incorporation of the village of Chenequa an independent controversy entirely foreign to the incorporation proceedings. The declared intention of the assessor of incomes of Milwaukee county to assess an income tax upon the petitioners in no manner threatened the integrity of the order of incorporation. It constituted no menace to the continued existence of the village of Chenequa as a corporate entity. It was simply a controversy between the income tax assessor of Milwaukee county and certain residents of the village of Chenequa. It was of no more interest to the village of Chenequa than a similar controversy between the income tax assessor of Milwaukee county and a resident of Kenosha would be to the

city of Kenosha. The circuit court for Waukesha county had jurisdiction over the proceedings looking toward the incorporation of the village of Chenequa. The extent of its jurisdiction in this respect was to inquire whether the statutory requirements existed to authorize incorporation. This inquiry had ended and an order of incorporation had been entered. With the entry of this order the jurisdiction of the court was exhausted. It was without any trace of jurisdiction in that proceeding to settle the dispute between the income tax assessor of Milwaukee county and various residents of the village of Chenequa.

In the face of the proposed action of the income tax assessor of Milwaukee county, petitioners had available the same remedies that they might have invoked had they been residents of Waukesha or Sheboygan. If it be true, as claimed by them, that the finding of the circuit court for Waukesha county in the incorporation proceedings that they were residents of Chenequa be conclusive and binding upon all the world as to their residence, that finding will be available to them as evidence in an appropriate proceeding to test the authority of the income tax assessor of Milwaukee county to assess an income tax against them. The conclusive effect of judgments is not maintained by injunction issued by the court rendering the judgment. Where a judgment is claimed to be *res adjudicata,* it is offered in evidence in the case or proceeding in which its conclusive effect is sought to be established.

*By the Court.*—The order appealed from is reversed, and the cause remanded with instructions to dismiss the petition.

ESCHWEILER, J., took no part.